ORFINGER, J.
Amy Talley, on behalf of her minor son, Harrison Talley, appeals a final order of the Department of Children and Families, Agency for Disabled Persons (DCF), which denied Harrison crisis services and immediate placement into the Developmental Services Home and Community-Based Services Waiver Program. Although DCF concluded that Harrison was a disabled person in crisis, it denied him immediate placement into the Medicaid Waiver Program due to a lack of funding. Instead, it placed him on the general waiting list with approximately 15,000 other eligible people, while acknowledging that it had funding for only thirty clients per month. Given the evidence presented by both parties, we find no reversible error, except as to DCF’s failure to place Harrison on the crisis waiting list, not the general waiver waiting list.
DCF administers the Medicaid Waiver Program pursuant to regulations promulgated in the Developmental Services Waiver Services Florida Medicaid Coverage and Limitations handbook. Appendix F, section 3 relates to clients such as Harrison, who are determined to be in crisis by DCF, but for whom funding is not currently available. In relevant part, the regulation requires:
3. Crisis
C. Enrollment or Wait Listing of Individuals in Crisis: If an individual [is] determined eligible for waiver services and determined by the Department to be in crisis, then a determination must be made as to whether there is an existing vacancy and funding for the individual.
[[Image here]]
(2) If a vacancy and funding do not exist, the Central Office will place the individual on the crisis waiting list; the District shall notify the individual of their placement onto the crisis waiting list. Individuals determined to be in crisis who are waiting for services will be considered each month for vacancies and funding available.[1]
*747 DCF concedes that contrary to the express requirements of the rule, it does not maintain a crisis waiting list, or review such individuals on a monthly basis for available vacancies and funding. To that extent, the final order is in error and must be reversed.
Based on the facts of this case, we affirm the final order, except that we reverse and remand this matter with directions that DCF comply with the express provisions of the regulations by placing Harrison on the crisis waiting list and reviewing him for services on a monthly basis.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GRIFFIN and MONACO, JJ„ concur.

. The rule also provides how the crisis waiting list will be prioritized.